

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-18-2009

# Evangelista v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Evangelista v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1733.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1733

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-3196

LOUIS EVANGELISTA, SR.,
                                                  Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                  Respondent

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS
Agency No. A12-352-319

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2009

Before: BARRY, GREENBERG, <u>Circuit Judges</u>, and ACKERMAN,[*] <u>District Judge</u>

(Opinion Filed: March 18, 2009)

OPINION

_____

[*] Honorable Harold A. Ackerman, Senior United States District Judge for the District
of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Petitioner Louis Evangelista seeks review of the Board of Immigration Appeals ("BIA") decision of July 12, 2007 denying his motion to reopen his case sua sponte due to a change in the law. Because we lack jurisdiction to review that discretionary decision, we will deny the petition.

I.

Evangelista moved to reopen his case alleging that our decision in <u>Atkinson v. Attorney General</u>, 479 F.3d 222 (3d Cir. 2007), made clear that he is qualified to apply for a waiver of deportability despite his criminal conviction. Evangelista's motion to reopen, however, was neither timely nor his first motion to reopen, <u>see</u> 8 C.F.R. § 1003.2(c)(2), and so his only option was to move the BIA to reopen his case sua sponte pursuant to 8 C.F.R. § 1003.2(a). In denying his motion, the BIA stated:

> Denial of the motion as time and number barred is appropriate. The motion also requests sua sponte reopening. The power to reopen proceedings sua sponte allows the Board to reopen proceedings in exceptional situations not present here. This power is not to be used as general cure for filing defects or to otherwise circumvent the regulations.

(App. at 4 (internal citations omitted).) The BIA's decision did not cite <u>Atkinson</u> or otherwise discuss Evangelista's specific arguments in support of his motion.

As a preliminary matter, we must determine whether we have jurisdiction to review the BIA's decision. <u>Biskupski v. Att'y Gen.</u>, 503 F.3d 274, 279 (3d Cir. 2007) (confirming that we have jurisdiction to determine our jurisdiction). If we find that we

have jurisdiction, our review of the BIA's denial of a motion to reopen is for abuse of discretion. Zheng v. Att'y Gen., 549 F.3d 260, 264-65 (3d Cir. 2008).

II.

We have held that we lack jurisdiction to review the BIA's exercise of its discretion as to whether to reopen a case sua sponte, Calle-Vujiles v. Ashcroft, 320 F.3d 472, 475 (3d Cir. 2003), although we have noted that "if an agency announces and follows -- by rule or by settled course of adjudication -- a general policy by which its exercise of discretion will be governed, that exercise may be reviewed for abuse." Calle-Vujiles, 320 F.3d at 475 (internal quotations omitted). Evangelista urges us to find that the BIA has a policy of reviewing cases when faced with a fundamental change in the law, citing, as support, the BIA's reopening of the Chinese coerced population control cases after a statutory change that recognized that type of claim as supporting "refugee" status. See In re X-G-W-, 22 I. & N. Dec. 71 (BIA 1998), abrogated on other grounds by In re G-C-L, 23 I. & N. Dec. 359 (BIA 2002).

In In re X-G-W-, however, the BIA explicitly announced a policy to only accept otherwise-barred motions to reopen in a limited category of cases. The BIA has not announced that any such policy will apply whenever a petitioner alleges that a fundamental change in the law alters the availability of relief. Although the BIA has illustrated the types of situations in which it might choose to exercise its discretion to reopen sua sponte based on a change in the law, see In re G-D-, 22 I. & N. Dec. 1132

− 3 −

(BIA 1999), we cannot find, based on the authority cited by Evangelista, that the BIA has announced a policy by which to govern its exercise of discretion under the circumstances presented here.

Evangelista argues that, at the very least, his case should be remanded to the BIA for further consideration because the BIA's decision failed to discuss the merits of his argument. In Cruz v. Attorney General, 452 F.3d 240, 249 (3d Cir. 2006), we remanded a case to the BIA for further consideration because the BIA failed to address the merits of the petitioner's argument for reopening, "leav[ing] the scope of our jurisdiction in question." In Cruz, however, the BIA stated only that "[w]e do not find that sua sponte reopening is warranted for any reason," see Cruz, 452 F.3d at 245, while, here, the BIA stated that "[t]he power to reopen proceedings sua sponte allows the Board to reopen proceedings in exceptional situations not present here." The BIA explicitly stated that it did not find that Evangelista presented an exceptional situation justifying the rare remedy of sua sponte reopening. This was an exercise of the BIA's unfettered discretion. We, therefore, lack jurisdiction to review its decision.

## III.

For the reasons stated above, we will deny Evangelista's petition for review.